Dear Mayor Hightower:
Reference is made to your recent correspondence regarding economic development in the City of Shreveport's "Shreve Square" area, located in downtown Shreveport. According to your correspondence, the City is encouraging the development of Shreveport's riverfront as an entertainment district (the proposed "Red River Entertainment District") and has been working with a potential private developer of the area (Red River Real Estate Venture, L.L.C., a Louisiana limited liability company). On behalf of the City, you seek our opinion regarding a proposed loan guarantee, whereby the City would partially guarantee the developer's loan, in order to assist the developer during the construction phase of its proposed project.
You have advised this office that the City is considering entering into a cooperative endeavor with the private developer, whereby the City would agree to partially guarantee a portion of an $11,000,000 commercial loan to the developer from a national banking association. Specifically, the City's guarantee would be for up to the sum of $4,000,000 during the construction phase of the developer's project, and the City would be released from liability when the projected is 90% leased.
Implicitly, your question must be addressed in light of La. Const. Article VII, Section 14(A), which prohibits the "funds, credit, property, or things of value" of the state and its political subdivisions from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private". Although La. Const. Article VII, Section 14(B) provides certain exceptions to this rule, those exceptions do not apply to the contemplated transaction.
Please be advised that in our opinion the City's guarantee of a loan made by a commercial lender to a private developer is tantamount to a donation of the "credit" of the City of Shreveport for the benefit of the private developer. As such, it is the opinion of this office that La. Const. Article VII, Section 14, prohibits the guarantee.
Our position in this regard is consistent with City of Port Allenv. Municipal Risk Agency, Inc. 439 So.2d ___ (La. 1983), which interpreted Article VII, Section 14. Therein, Louisiana's Supreme Court ruled that "even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivision, the United States government or public or private associations or corporations, or to individuals merely for a `public purpose'."
Please note that this opinion is not an indication of our disapproval of the City's efforts to improve itself and its environs. On the contrary, this office is supportive of all municipal improvement and economic development projects. However, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury,113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted a constitutional provision almost identical to the present Article VII, Section 14. Consistent with the opinion expressed in Attorney General's Opinion No. 96-163, we are constrained to opine that the City of Shreveport cannot guarantee the loan of a private developer.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General